**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **ROBERT SKERTICH,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )    **No. 2:21 CV 149** |
| | ) |
| **RGS FINANCIAL,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

<u>**OPINION and ORDER**</u>

This matter is before the court on defendants' motion to enforce the parties'

settlement and dismiss this case. (DE # 11.) For the reasons that follow, the motion will

be granted.

**I.      BACKGROUND**

On April 5, 2021, plaintiffs Robert Skertich and Mariya Skertich filed a small

claims action in the Lake Superior Court, under cause number 45D09-2104-SC-01509,

against defendants RGS Financial and TCF National Bank, alleging claims related to

credit reporting for a TCF National Bank account. (DE # 4.) The parties reached a

settlement agreement on April 21, 2021, and the agreement was fully executed the

following day. (DE # 15-1.)

Pursuant to the parties' agreement, plaintiffs agreed to dismiss or waive all

claims they may have against defendants and file a signed and dated notice of dismissal

with prejudice within five days of receipt of the signed settlement agreement. (*Id.* at 2.)

In turn, defendants agreed to "confirm to Plaintiffs that the Account has been deleted

(or has been requested to be deleted) from the credit reporting agencies to which Defendants report (Equifax, Experian and Trans Union[.])" (*Id.*)

The settlement agreement noted that defendants do not control the actions of the credit reporting agencies, and "thus [defendants] may only request that the Agencies make changes to their credit history; and that it may take up to 60 days for the Agencies to make the requested changes." (*Id.* at 3.) In the event that the credit reporting agencies had not made the appropriate change within 90 days of the execution of the settlement agreement, the parties agreed that defendants would re-contact the agencies and again request that the account be updated. (*Id.*)

On April 13, 2021, RGS Financial submitted a request to have the tradeline associated with Mariya Skertich's credit report deleted from Equifax, Experian, and Trans Union. (DE # 11-2 at 2.) On April 27, 2021, RGS Financial re-submitted this request to the three credit reporting agencies. (*Id.*) RGS Financial had not reported any tradeline associated with Robert Skertich's credit report. (*Id.*) Furthermore, TCF National Bank had not reported any tradeline associated with either Robert or Mariya's credit report. (DE # 11-3 at 2.)

Defendants represent that on April 27, 2021, plaintiffs refused to dismiss the state action. (DE # 11 at 2.) According to defendants, plaintiffs refused to sign a notice of dismissal on the basis that the credit reporting agencies were still reporting the account. (*Id.*) On April 29, 2021, defendants removed the case to this court, on the basis of federal question jurisdiction. (DE # 1.)

2

Defendants now move this court to enforce the settlement agreement and dismiss this case with prejudice. (DE # 11.) Plaintiffs failed to file a response brief and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). This matter is ripe for ruling.

## II.    DISCUSSION

Federal courts apply state law contract principles to motions to enforce a settlement agreement. *Dillard v. Starcon Int'l, Inc.,* 483 F.3d 502, 506 (7th Cir. 2007)*; Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). In this case, the parties agreed that Indiana law would govern their agreement. (DE # 15-1.) Indiana "strongly favors settlement agreements" and "it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003). "Settlement agreements are governed by the same general principles of contract law as any other agreement." *Id.* The elements required to form a valid contract in Indiana are "[a]n offer, an acceptance, consideration, and a manifestation of mutual assent." *In re Paternity of M.F.*, 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010).

In this case, all of the elements required to form a valid contract under Indiana law were met when the parties entered into the settlement agreement. The court's review of the settlement agreement demonstrates that it is a facially valid and enforceable contract. Furthermore, by failing to file a response, plaintiffs have forfeited

3

their opportunity to identify any reason why the agreement should not be enforced.

Plaintiffs agreed to dismiss this action if defendants requested that the credit reporting

agencies delete plaintiffs' account from their reporting. RGS Financial submitted two

requests to have the tradeline associated with Mariya Skertich's credit report deleted

from Equifax, Experian, and Trans Union. In the event that the credit reporting agencies

did not comply with the request within 90 days, plaintiffs could have contacted

defendants to have them re-submit the request. There is no evidence in the record to

suggest that defendants have not upheld their side of the agreement. Accordingly,

plaintiffs must be held to theirs.

III.    CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to enforce the

parties' settlement agreement. (DE # 11.) Pursuant to that agreement, the court

**DISMISSES** this case with prejudice.

**SO ORDERED.**

Date: January 7, 2022

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT